|  |  | FILED<br>DISTRICT CLERK OF<br>JEFFERSON CO TEXAS<br>12/28/2018 10:00 AM<br>JAMIE SMITH<br>DISTRICT CLERK<br>E-203101 |
|---|---|---|
| CAUSE NO. _____ | | |
| PATRICIA WARE<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | JEFFERSON COUNTY, TEXAS |
| KNIGHT TRANSPORTATION,<br>INC. and WAYNE E. GLENNA,<br>Defendants | §<br>§ | _____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **PATRICIA WARE**, Plaintiff, complaining of and about **KNIGHT TRANSPORTATION, INC. and WAYNE E. GLENNA**, Defendants, and for cause of action would respectfully show the Court the following:

### 1. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 of Texas Rules of Civil Procedure, 190.

### 2. PARTIES

Plaintiff was, at all times material, a resident citizen of the State of Texas.

Defendant **KNIGHT TRANSPORTATION, INC.** ("Knight Transportation") is a foreign corporation authorized to do business in the State of Texas and, further, does business in the State of Texas and in Jefferson County, Texas. This defendant's counsel has agreed to accept service and this pleading is being served on Mr. Roger D. Oppenheim by certified mail with return receipt requested at 2900 North Loop West, 5th Floor, Houston, Harris County, Texas 77092 and electronically to rdo@lorancethompson.com.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
January 28, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 1 of 10

Defendant **WAYNE E. GLENNA ("Glenna")** may be served by serving his attorney. This defendant's counsel has agreed to accept service and this pleading is being served on Mr. Roger D. Oppenheim by certified mail with return receipt requested at 2900 North Loop West, 5th Floor, Houston, Harris County, Texas 77092 and electronically to rdo@lorancethompson.com.

## 3. JURISDICTION AND VENUE

This is a personal injury suit resulting from a motor vehicle accident. Both jurisdiction and venue are proper in this cause. Plaintiff seeks damages that are within the jurisdictional limits of the Court as she is seeking monetary relief over $1,000,000. Plaintiffs reserves the right to amend their petition during and/or after the discovery process. Venue is likewise proper in this county pursuant to Tex. Civ. Prac. & Rem. Code §15.001 et seq. and related venue provisions. In particular, the incident made the basis of this lawsuit occurred in Jefferson County, Texas.

## 4. FACTS

On March 12, 2017, Plaintiff **PATRICIA WARE** was the victim of a motor vehicle crash that occurred in Beaumont, Jefferson County, Texas when a tractor-trailer unit being driven by Defendant **GLENNA** crashed into Plaintiff's vehicle. At all times material, Defendant **GLENNA** was acting in the course and scope his employment with Defendant **KNIGHT TRANSPORTATION**. This crash was brought about to occur and was proximately caused by the negligence, direct and vicarious, of Defendants **KNIGHT TRANSPORTATION and WAYNE E. GLENNA.**

## 5. NEGLIGENCE OF GLENNA

Plaintiff would show that Defendant **GLENNA** was negligent in multiple and many ways, including the following:



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
January 28, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 2 of 10

(1) In failing to exercise ordinary care in the control and operation of the vehicle he was driving;

(2) In driving in a manner that was unsafe for the conditions present on the roadway;

(3) In driving in a reckless, careless, unsafe and/or hazardous manner;

(4) In driving at a rate of speed greater that what a person of ordinary care would have driven under the same or similar circumstances;

(5) In failing to maintain a rate of speed as would have been maintained by a person of ordinary care would have driven under the same or similar circumstances;

(6) In failing to control the speed of the vehicle he was operating and as necessary to avoid colliding with another vehicle that was upon the roadway;

(7) In failing to reduce speed greater as would have been made by a person of ordinary care under the same or similar circumstances;

(8) In failing to take timely and/or proper evasive action as would have been made by a person of ordinary care under the same or similar circumstances;

(9) In failing to make a timely and/or proper application of the brakes as would have been made by a person of ordinary care under the same or similar circumstances;

(10) In failing to exercise a proper and/or safe lookout as would have been done by a person of ordinary care under the same or similar circumstances;

(11) In operating a vehicle, and particularly a commercial motor vehicle, at a time when **GLENNA** was distracted;

(12) In operating a vehicle, and particularly a commercial motor vehicle, at a time when **GLENNA** was physically and/or mental unable to do so in a safe and prudent manner;

(13) In failing to properly and safely inspect and/or maintain the vehicle he was operating; and

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
January 28, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 3 of 10

(14) In violating state and federal law, including (but not limited to) the rules and regulations of the United States Department of Transportation and/or National Motor Carrier Safety Administration so as to make this defendant negligent *per se*.

The acts of negligence as set out above were a proximate cause of the collision made the basis of this lawsuit. Plaintiff reserves her their right to amend these allegations as further facts, investigation and discovery may warrant.

### 6. VICARIOUS LIABILITY OF KNIGHT TRANSPORTATION

Defendant **KNIGHT TRANSPORTATION** is vicariously liable for the negligence of Defendant **GLENNA** under the theory *respondeat superior* as, at all times material, **GLENNA** was employed by Defendant **KNIGHT TRANSPORTATION** and was acting within the course and scope of said employment, and in the furtherance of said Defendant's business, at the time of the collision made the basis of this lawsuit. Pleading further, Plaintiff would show that, at all times material, Defendant **GLENNA** was the '*statutory employee*' of Defendant **KNIGHT TRANSPORTATION** as that term is used and applied by the Federal Motor Carrier Safety Regulations.

### 7. DIRECT LIABILITY OF KNIGHT TRANSPORTATION

Defendant **KNIGHT TRANSPORTATION** is directly and independently liable to Plaintiff for its' own negligent acts and omissions as committed by it and their agents, employees, servants and representatives. This defendant owed specific duties to Plaintiff as well as the users of the public roads and highways, said duties existing and created by common law, statutory law and regulatory laws, rules and regulations. Defendant **KNIGHT TRANSPORTATION** breached these duties and are thus negligent in multiple ways including (but not limited to) the following:



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
January 28, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 4 of 10

(1) In failing to exercise ordinary care in the screening, interviewing, vetting and hiring of Defendant **GLENNA**;

(2) In failing to exercise ordinary care in the performance and/or execution of a background check on Defendant **GLENNA**;

(3) In failing to exercise ordinary care in this Defendant's qualification of Defendant **GLENNA** as a driver and operator of a commercial motor vehicle;

(4) In failing to comply with the applicable state laws as well as the rules and regulations of the Federal Motor Carrier Safety Administration in the hiring and qualification of Defendant **GLENNA** as a driver of a commercial motor vehicle;

(5) In failing to exercise ordinary in the training of Defendant **GLENNA** including but not limited to training Defendant **GLENNA** to be a safe, careful and prudent driver of a commercial motor vehicle;

(6) In failing to exercise ordinary care in the monitoring and supervision of the activities of Defendant **GLENNA**;

(7) In failing to comply with the applicable state laws as well as the rules and regulations of the Federal Motor Carrier Safety Administration training, monitoring and supervision of Defendant **GLENNA** as a driver and operator of a commercial motor vehicle;

(8) In failing to exercise ordinary care in maintaining, servicing, repairing and inspecting the vehicle that Defendant **GLENNA** was operating at the time of the collision made the basis of this lawsuit;

(9) In failing to comply with, or require compliance with, the applicable state laws as well as the rules and regulations of the Federal Motor Carrier Safety Administration regarding the maintaining, servicing, repairing and inspecting of commercial motor vehicles such as (and

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
January 28, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 5 of 10

including) the one being driven by Defendant **GLENNA** at the time of the collision made the basis of this lawsuit;

(10) In failing to exercise ordinary care to prevent Defendant **GLENNA** from operating a commercial motor vehicle at a time or under circumstances where Defendant **GLENNA** was physically and/or mentally unable to safely drive and operate a commercial motor vehicle;

(11) In failing to comply with the applicable state laws as well as the rules and regulations of the Federal Motor Carrier Safety Administration regarding Defendant **GLENNA's** physical and/or mental condition or ability to drive a commercial motor vehicle;

(12) In allowing Defendant **GLENNA** to operate a commercial motor vehicle at a time or under circumstances when Defendant **KNIGHT TRANSPORTATION** knew, or in the exercise of ordinary care should have known, that Defendant **GLENNA** was unable to safely drive and operate a commercial motor vehicle;

(13) In failing to comply with the applicable state laws as well as the rules and regulations of the Federal Motor Carrier Safety Administration by allowing or requiring Defendant **GLENNA** a commercial motor vehicle at a time or under circumstances when Defendant **KNIGHT TRANSPORTATION** knew, or should have known, that Defendant **GLENNA** was unable to safely drive and operate a commercial motor vehicle; and

(14) To the extent not already included in these allegations, Plaintiff invokes the legal doctrine of negligent entrustment. In this regard, Plaintiff would show that (a) the commercial motor vehicle being operated by Defendant **GLENNA** at the time of the collision in question was owned or otherwise under the control of Defendant **KNIGHT TRANSPORTATION**, (b) Defendant **GLENNA** was a reckless and/or incompetent

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
January 28, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 6 of 10

driver and was otherwise unfit and/or unqualified to drive and operate the vehicle in question, and (c) Defendant **KNIGHT TRANSPORTATION** knew, or in the exercise of ordinary care should have known, of such recklessness, incompetence, unfitness and/or lack of qualification.

The acts of negligence as set out above were a proximate cause of the collision made the basis of this lawsuit. Plaintiff reserves their right to amend these allegations as further facts, investigation and discovery may warrant.

### 8. DEFENDANTS' CONDUCT JUSTIFIES AND REQUIRES IMPOSITION OF PUNITIVE AND/OR EXEMPLARY DAMAGES

The above-stated facts that set forth the Defendants' acts and omissions constitute more than ordinary negligence. They are of such a nature so as to constitute gross negligence and to further and otherwise justify and require the imposition of punitive and exemplary damages over and against Defendants. Plaintiff hereby sues for the recovery of such damages.

### 9. PLAINTIFF'S DAMAGES

As a result of the collision made the basis of this lawsuit, Plaintiff **PATRICIA WARE** suffered severe, significant, disabling and life-altering personal injuries, damages and losses. As such, he is entitled to recover and hereby sues for the recovery of the following elements of damages:

(1) Reasonable and necessary medical and other health care-related expenses sustained in the past and which, in reasonable probability, she will sustain in the future;

(2) Loss and/or impairment of earnings and/or earning capacity sustained in the past and which, in reasonable probability, she will sustain in the future;

(3) Physical pain sustained in the past and which, in reasonable probability, she will sustain in

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
January 28, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 7 of 10

(4) Mental anguish and emotional distress sustained in the past and which, in reasonable probability, she will sustain in the future;

(5) Physical impairment sustained in the past and which, in reasonable probability, she will sustain in the future;

(6) Physical disfigurement sustained in the past and which, in reasonable probability, she will sustain in the future;

(7) Loss and/or impairment of his enjoyment of life sustained in the past and which, in reasonable probability, she will sustain in the future;

Plaintiff would show that all of the above-stated damages, injuries and losses were brought to occur, and were legally and proximately caused, by the negligence of Defendants.

## 10. PRE- AND POST JUDGMENT INTEREST

Plaintiff further seeks the recovery of all interest allowed at law, including pre-judgment and post-judgment interest.

## 11. CONDITIONS PRECEDENT

Plaintiff would show that all conditions precedent to the maintenance of this action have been met and satisfied.

## 12. RIGHT TO AMEND

Furthermore, Plaintiff would state that because of the complex nature of accident and collision, and because without first conducting some discovery in this suit, Plaintiff cannot discover the identities of additional, responsible parties and/or additional witnesses, or reasonably discover information that will form the basis for additional, appropriate claims and causes of action that may properly be asserted in this suit, Plaintiff reserves the right to amend her pleading to join



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
January 28, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith

and/or omit parties as appropriate and to assert additional or different claims, allegations, causes of action, and grounds for recovery.

### 13. SELF-AUTHENTICATION

Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, this is the "actual" written notice that all documents produced in this litigation shall be used by the Plaintiff at pretrial proceedings and trial. Hence, all documents produced in this litigation are deemed self-authenticating for use in any pretrial proceeding or at trial; and any objections thereto by the Defendants shall be in writing or placed on the record, giving Plaintiff a reasonable opportunity to establish the challenged document's authenticity.

### 14.   REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this Plaintiff's Request for Disclosure to Defendants.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff have and recover such sums as would reasonably and justly compensate them, in accordance with the rules of law and procedure as to actual damages, exemplary damages, and court costs. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
January 28, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 9 of 10

Respectfully submitted,

**THE FERGUSON LAW FIRM, LLP**
350 Pine Street, Suite 1440
Beaumont, Texas 77701
(409) 832-9700 phone
(409) 832-9708 fax

By:  s/ *Paul F. "Chip" Ferguson, Jr.*
Paul F. Ferguson, Jr.
State Bar No. 06919200

**ATTORNEY FOR PLAINTIFF**



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
January 28, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 10 of 10